**FOUR WINDS TRAVEL, INC., Appellant,**

v.

**Harold JOVIEN, individually and d/b/a**

**Four Winds Travel Service,**
**Appellees.**

**No. 19500.**

United States Court of Appeals
Ninth Circuit.

March 29, 1965.

Rehearing Denied May 7, 1965.

Burton L. Lilling, Kleinberg & Lilling, New York City, for appellant.

Ben Erlich, Rudolph Pacht, Pacht & Erlich, No. Hollywood, Cal., for appellees.

Before BARNES, JERTBERG and ELY, Circuit Judges.

PER CURIAM:

Four Winds Travel, Inc., plaintiff below and appellant here, sought to obtain an injunction, an accounting, and damages for trade mark infringement of appellant's service mark, "FOUR WINDS", used to advertise and promote its travel service business, and for unfair competition in the use by appellees of the words Four Winds in promoting and conducting their travel service business. Harold Jovien, individually and d/b/a Four Winds Travel Service, defendants below and appellees here, counterclaimed seeking an accounting, damages and an injunction restraining appellant's use of its service mark "FOUR WINDS" and name in the State of California.

The District Court denied any relief to either party and dismissed appellant's complaint and appellees' counterclaim.

Appellant appeals from the judgment entered by the District Court. No cross appeal was taken by appellees.

The District Court had jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1332 and 28 U.S.C. § 1338. This court has jurisdiction under 28 U.S.C. § 1291 and 15 U.S.C. § 1121.

Included in the findings of fact, the District Court among other matters found:

Plaintiff has used "FOUR WINDS TRAVEL, INC." openly, notoriously, and continuously since on or about January 1, 1959 and has not abandoned "FOUR WINDS" in its name.

Plaintiff's name, FOUR WINDS TRAVEL, INC., has never acquired any secondary meaning in Southern California.

Defendants' name, FOUR WINDS TRAVEL SERVICE AND PERSONALITY TOURS, has never acquired any secondary meaning in Southern California.

Neither plaintiff nor defendants established prior use of or secondary meaning to a name incorporating the words "FOUR WINDS" in the Southern California area.

As conclusions of law the District Court concluded:

"1. This Court has jurisdiction over the subject matter of this action and of the parties hereto.

"2. Plaintiff has not established the exclusive right to incorporate in its trade name 'FOUR WINDS' within the Southern California area.

"3. Both plaintiff and defendants have the right to use in Southern California the term 'FOUR WINDS' in the names of their respective travel agencies.

"4. Both the Complaint and the Counterclaim be dismissed and neither plaintiff nor defendants shall take anything by reason of their said Complaint or Counterclaim."

The judgment entered by the District Court is as follows:

"ORDERED, ADJUDGED AND DECLARED that:

1. Plaintiff is free to use its name, FOUR WINDS TRAVEL, INC., in the advertising, promotion, and conduct of its business anywhere in Southern California.

2. Plaintiff is free to advertise, promote, offer for sale, and sell its travel agency services under its mark 'FOUR WINDS TRAVEL, INC.' anywhere in Southern California.

3. Defendants are free to advertise, promote and conduct their travel agency business under the name of 'FOUR WINDS TRAVEL SERVICE AND PERSONALITY TOURS.'

4. Plaintiff's complaint is hereby dismissed.

5. Defendants' counterclaim is hereby dismissed."

It is to be noted in the findings of fact, conclusions of law and judgment entered by the District Court, that it gave no consideration to the validity of, or what protection, if any, appellant may be entitled to in respect to its service mark "FOUR WINDS", in promoting and advertising its travel service business. The material findings of fact and conclusions of law, and the judgment entered by the District Court, relate only to the respective names under which each party respectively conducts its travel service business.

The validity of appellant's service mark "FOUR WINDS" was clearly an issue before the District Court.[1] The failure of the District Court to pass upon this is-

---

[1] It was apparently because of lack of evidence that the trial court concluded as a fact that neither appellant's actual name or a name incorporating the words "Four Winds" had acquired a secondary meaning in Southern California. The record reveals, however, that throughout the trial, the District Court proceeded upon the theory that resolution of the dispute would rest upon a determination of the sole factual question as to which litigant first employed the use in Southern California of the words "Four Winds" in connection with the travel agency business. The District Court repeatedly discouraged appellant from producing evidence bearing upon the existence of secondary meaning and yet, at the close of the trial, determined that such was an issue upon which a finding of fact was required.

sue requires a reversal of the judgment appealed from and a remand of the cause to the District Court with instructions to grant appellant a new trial.

It is so ordered.